FILED
CLERK, U.S. DISTRICT COURT

November 2, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CSI___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON D. STOWERS,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPUTY MACIAS, et al.,<br><br>        Defendants. | Case No. EDCV 18-1530 ODW (SS)<br><br>**MEMORANDUM AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

## I.

## INTRODUCTION

On July 5, 2018, Plaintiff Alton D. Stowers, a California state prisoner proceeding pro se, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] ("Compl.," Dkt. No. 1). Congress mandates that district courts perform an initial

---

[1] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to § 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The Court adopts the date on the proof of service attached at the end of the Complaint as this action's constructive filing date.

screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[2]

**II.**

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff sues three Moreno Valley law enforcement officers, (1) Deputy Macias, (2) Deputy Kennedy, and (3) Sergeant Medeires (collectively, the "MV Defendants"); (4) the County of Riverside (the "County");[3] (5) Walgreens Corporation ("Walgreens"); and

---

[2] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) ("[T]he dismissal of a complaint with leave to amend is a non-dispositive matter."). Consistent with McKeever, the Court concludes that its Order Dismissing Complaint with Leave to Amend is a non-dispositive Order. However, pursuant to Federal Rule of Civil Procedure 72, if Plaintiff disagrees, he may file an objection with the District Judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("'District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.'") (quoting McKeever, 932 F.2d at 798).

[3] According to the City of Moreno Valley website, the City "contracts police services from the Riverside County Sheriff's

(6) Riverside University Health Systems ("RUHS").[4] All Defendants are sued in both their individual and official capacities. (Compl. at 2).

According to the Complaint, on November 28, 2017, Plaintiff went to Walgreens to purchase a cell phone. (Id. at 3). As Plaintiff was standing in line to make his purchase, he experienced a "mental health moment" in which he "thought someone was going to kill [him]." (Id.). Plaintiff used the store phone without permission to call dispatch for help. (Id.). While Plaintiff was on the phone, two officers entered the store, approached him, and hung up the phone he was using. (Id.).

One of the officers told Plaintiff to put his belongings down and to put his hands behind his back. (Id.). Plaintiff told the officers that because he had been on the phone with the police, they must not be real police officers. (Id.). At that point, the officers attempted to arrest him. (Id.). Plaintiff put his hands straight up in the air and began backing away from the officers.

---

Department." (See http://www.moreno-valley.ca.us/city_hall/departments/police/index-police.shtml); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (the court may take judicial notice of matters of public record).

[4] "Riverside University Health System (RUHS) includes the 439-bed Medical Center in Moreno Valley, 10 Federally Qualified Health Centers and several primary and specialty clinics throughout Riverside County, and the departments of Behavioral and Public Health." (See http://www.ruhealth.org/en-us/Pages/why-ruhs.aspx). It is operated by the County of Riverside. (See, e.g., https://www.countyofriverside.us/MobileApp/Health.aspx) (noting that RUHS-Public Health "is Riverside County's public health department").

3

(Id.). The last thing Plaintiff remembers is that he was on the ground and was beaten until he was unconscious. (Id.).

When Plaintiff came to, he was at RUHS, where he learned that he had sustained severe trauma to his body, including two failing kidneys caused by the beatings. (Id. at 4). As a result of the beating, Plaintiff now suffers periodically from "the shakes" and has a "growing fear of the police." (Id.).

Plaintiff's sole claim alleges that Defendants collectively violated his Fourteenth Amendment [sic] right to be free from excessive force. Plaintiff seeks an injunction requiring the MV Defendants, the County, Walgreens, and RUHS to "stop the use of 'Excessive Force' and covering up of documents that help/aid individuals in a community setting." (Id. at 5). Plaintiff also seeks compensatory damages of $9,000,000 and punitive damages of $100,000 "against each defendant, jointly and severally." (Id.).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For the reasons discussed below, it is not "absolutely

4

clear" that at least some of the Complaint's defects could not be cured by amendment. The Complaint is therefore DISMISSED with leave to amend.

**A.  The Complaint Fails To State A Claim Against The MV Defendants**

Section 1983 provides a cause of action against any "person" who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983. The term "person" includes state and local officials sued in their individual capacities and local governments. Cortez v. Cnty. of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002); Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

   **1.  Deputies Macias And Kennedy**

The Complaint alleges that "2 officers entered the front door [at Walgreens] and approached [him]," (Compl. at 3), but names three individual MV Defendants -- Deputies Macias and Kennedy and Sergeant Medeires -- as the "arresting officers." (Id. at 2). It is therefore unclear whether Deputies Macias and Kennedy were the "2 officers [who] entered the store." Even if they were, the Complaint fails to describe what each officer separately did to

violate Plaintiff's rights.  Exhibit C, a single page from an unidentified document, states that Deputy Macias sustained an injury when Plaintiff struck him with his elbow, which suggests that Deputy Macias was directly involved in the incident. However, Plaintiff may not simply attach exhibits to his pleading without explanation in the hope that Defendants might be able to guess why he believes they violated his civil rights.  Without more specific allegations describing each Defendant's individual acts and omissions, Plaintiff has not plausibly pled that Deputies Macias and Kennedy were personally involved in violating his rights or that their actions had any causal connection to the purported constitutional violations.  Accordingly, the Complaint is dismissed, with leave to amend.

**2.  Sergeant Medeires**

It is not clear whether Plaintiff is contending that Sergeant Medeires is liable because he personally participated in Plaintiff's detention inside Walgreens, or because he supervised Deputies Macias and Kennedy.  The Complaint's failures to adequately plead the <u>direct</u> participation of Deputies Macias and Kennedy in the constitutional violation apply to Sergeant Medeires as well.  To the extent that Plaintiff is attempting to allege in the alternative that Sergeant Medeires is liable in his role as a supervisor, Plaintiff is advised that government officials may not be held liable under § 1983 simply because their subordinates engaged in unconstitutional conduct.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).

Where a plaintiff names a supervisor as a defendant but does not allege that the supervisor _directly_ participated in the constitutional violation, a "sufficient causal connection" to the violation may be shown where the supervisor "set 'in motion a series of acts by others, or knowingly refused to terminate [such acts], which he knew or reasonably should have known, would cause others to inflict the constitutional injury.'" Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)); see also Preschooler II v. Clark County Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007) (a supervisor may be held accountable only "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others").

To state a claim against Sergeant Medeires, Plaintiff must show either that he directly participated in the constitutional violation or that his acts or omissions in the training or supervision of his subordinates had a causal connection to the injury Plaintiff suffered. The Complaint does neither. Accordingly, the Complaint is dismissed, with leave to amend.

**B.   The Complaint Fails To State A Claim Against The County**

Plaintiff alleges that the County is the MV Defendants' employer and appears to assume that as such, the County is liable

for the MV Defendants' actions.[5] (Compl. at 2). This claim fails because a local governmental entity is not liable under § 1983 simply because its employees violated a plaintiff's rights.

A municipality may be held liable under § 1983 only for constitutional violations that are the result of an official government policy or custom. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (extending Monell's analysis of municipal liability to counties). To assert a valid § 1983 claim against the County, Plaintiff must show both a violation of his constitutional rights and a departmental policy, custom or practice that was the "moving force" behind the constitutional violation. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008). There must be a "'direct causal link between a [County] policy or custom and the alleged

---

[5] As previously noted, "[t]he City of Moreno Valley contracts police services from the Riverside County Sheriff's Department." (See http://www.moreno-valley.ca.us/city_hall/departments/police/index-police.shtml). The Complaint does not allege sufficient facts for the Court to determine whether the County, or the City, or both, bore responsibility for the training and supervision of the MV Defendants when they provided services for the City of Moreno Valley. See, e.g., Boarman v. Cnty. of Sacramento, 55 F. Supp. 3d 1271, 1287 (E.D. Cal. 2014) (city entitled to summary judgment in civil rights action where evidence showed that "the City has no part in setting policy for or training the sheriff's deputies who act as City police officers" and "the County provided training to [defendant officers] and . . . established policies regarding detentions, arrests, and the use of force"). For present purposes, the Court will simply assume, without deciding, that the MV Defendants were County employees, as Plaintiff alleges, when performing the acts at issue in the Complaint.

8

constitutional deprivation.'" Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Proof of a single incident of unconstitutional activity, or even a series of 'isolated and sporadic incidents,'" will not impose liability under § 1983. Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (quoting Okla. City v. Tuttle, 471 U.S. 808, 823-24 (1985)). Rather, liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff does not identify a policy, custom or practice that led to his alleged injuries. The single incident Plaintiff alleges is not enough to establish the existence of such a policy. As a result, Plaintiff fails to state a valid Monell claim against the County. Accordingly, the Complaint is dismissed, with leave to amend.

**C.  The Complaint Fails To State A Civil Rights Claim Against Walgreens**

It is unclear exactly what Plaintiff believes Walgreens did to violate his constitutional rights. The Complaint's only allegation involving Walgreens is that it was the store where he had been waiting in line when the incident took place. (Compl. at 3). This sparse allegation would fail to state a civil rights claim regardless of the status of the defendant. However, any claims under § 1983 against Walgreens fail for the additional

9

reason that on the facts alleged, Walgreens does not qualify as a state actor.

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

The Ninth Circuit has identified four circumstances under which a private person may be deemed to be acting under color of state law. Under the "public function" test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Id. at 1093 (quoting Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002)). Under the "joint action test," a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1093 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of

the state effectively converts a private action into a government action." Kirtley, 326 F.3d at 1094 (quoting Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 836-37 (9th Cir. 1999)). Finally, under the "government nexus" test, the court asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Walgreens is a private retail establishment. No facts are alleged, and it is highly doubtful that any could be, that show that Walgreens should be considered a state actor under either the "public function," "joint action," "governmental coercion or compulsion," or "government nexus" tests. See Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006) (no basis for assuming that Sears is a state actor). Accordingly, the claim against Walgreens is dismissed. Plaintiff is cautioned that to the extent he wishes to pursue a civil rights claim under § 1983, he should not name any Defendant in any future amended complaint that cannot be deemed to have been acting under color of state law.

**D. The Complaint Fails To State A Claim Against RUHS**

The claims against RUHS similarly do not state a civil rights claim. The only allegations involving RUHS are that it was the institution where: (1) Plaintiff was taken for medical treatment after the incident, and (2) "missing medical records were lost."

(Id. at 2). Plaintiff does not suggest in any way that the medical care he received at RUHS violated his constitutional rights. Nor does he explain what medical care records were lost, how this loss harmed him, or what constitutional right the loss violated. Plaintiff is cautioned that the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). Therefore, a pretrial detainee, such as Plaintiff, complaining of inadequate medical care while in custody must "prove more than negligence but less than subjective intent -- something akin to reckless disregard." Id. Simple negligence does not constitute a viable claim under § 1983.

Furthermore, even if Plaintiff had stated a cognizable substantive claim for any acts that occurred at RUHS, which he did not, RUHS is still an improper Defendant because it appears to be a County-run entity. As noted above, a § 1983 claim will lie against a local governmental entity, such a city or county. Monell, 436 U.S. at 690 n.54; Pembaur, 475 U.S. at 483. However, a department, agency or unit of a local government is an improper defendant. See Hervey v. Estes, 65 F.3d 784, 701 (9th Cir. 1995) (police narcotics task force not a "person" or entity subject to suit under section 1983). Because RUHS appears to be a subdivision of the County, claims for events that occurred at RUHS involving RUHS employees, if any, should be brought against the County itself. Accordingly, the Complaint is dismissed, with leave to amend.

**E.   The Claims Against The MV Defendants In Their "Official Capacity" Are Duplicative Of The Claims Against The County**

The Complaint purports to sue "each Defendant" in both their individual and official capacities. (Compl. at 2-3). The Court presumes that in specifying the capacities in which the claims are brought, Plaintiff is referring to the MV Defendants only, as "the distinction between individual and official capacity does not apply in the case of a direct suit against a government entity . . . ." Wade v. City of Los Angeles, 2012 WL 2088696, at *3 (C.D. Cal. June 8, 2012) (internal quotation marks and citation omitted).

As to the MV Defendants themselves, a suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal quotation marks omitted); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966–67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). To the extent that the MV Defendants are properly deemed County employees when providing services for the City of Moreno Valley, as the Complaint alleges, official capacity claims against the MV Defendants are simply another way of stating a claim against the County. Such duplicative claims are subject to dismissal. See Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008)

("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."). Accordingly, the Complaint is dismissed, with leave to amend.

**F.  The Complaint Fails To Satisfy Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct."  A complaint violates Rule 8 if a defendant would have difficulty responding to the claims. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8.  The only claim Plaintiff appears to be asserting is for excessive force.  "[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." Hooper v. Cnty. of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011).  To state a Fourth Amendment excessive force claim, a plaintiff must allege both that he was "seized" and that the seizure was effected with

unreasonable force.  See Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'").  "Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002).

On the facts alleged, the Complaint does not explain how Plaintiff's stay at RUHS would give rise to a claim of excessive force.  As to Deputy Macias, Exhibit C to the Complaint states that he was wounded by Plaintiff during the incident.  The Complaint therefore does not show that whatever force Deputy Macias may have used was excessive.  In sum, the Complaint's vague allegations fail to identify the nature of each claim Plaintiff is bringing, the specific Defendant (or Defendants) against whom he is bringing each claim, and what each Defendant separately did to violate his constitutional rights.  The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement.  See Twombly, 550 U.S. at 555.  Furthermore, the prayer for punitive damages as applied to the County is defective because the Supreme Court has plainly held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983."  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 272 (1981).  Accordingly, the Complaint is dismissed, with leave to amend.

\\
\\
\\
\\

15

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint. Plaintiff shall limit his action to only those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should make clear the nature and grounds for each claim and specifically identify the Defendants he maintains are liable for that claim.

Plaintiff shall not assert any claims for which he cannot allege a proper factual basis.

**Plaintiff is explicitly cautioned that the failure to timely file a First Amended Complaint, or to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wish to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: November 2, 2018

                                        /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**

17